IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREG KRUSEC,

                  Plaintiff,

    v.                                                                                                          ORDER

CAROLYN W. COLVIN,                                                                      15-cv-498-jdp
    Acting Commissioner of Social Security,

                  Defendant.

---

Plaintiff Greg Krusec seeks judicial review of a final decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, finding him not disabled within the meaning of the Social Security Act. On July 7, 2016, the court heard oral argument in this case. For reasons explained during the hearing and summarized here, the court will remand this case to the Commissioner for further proceedings.

Krusec has experienced neck and back pain since 1989. In 2003, at the beginning of his claimed period of disability, he treated primarily with injections as he encountered flare-ups, but he eventually underwent two neck surgeries to address larger pain concerns: one in December 2006 and one in May 2009.

As discussed at the hearing, Krusec's is a somewhat difficult case because the medical records appear to spin in two different directions. On one hand, the volume of medical records in this case suggests that Krusec consistently sought treatment—treatment that often did not relieve his pain—for his ongoing, chronic neck and back pain. On the other hand, the vast majority of the medical records from Krusec's alleged onset date—June 15, 2003—through the date last insured (DLI)—December 31, 2007—document conservative treatment

patterns. Overall, the ALJ did a decent job of assessing the medical records and supporting his determinations. But two issues require remand.

**A. Weight afforded state agency consultant's opinion**

The ALJ did not coherently or correctly analyze the state agency consultant's opinion. The state agency consultant, Vidya Madala, MD, determined that Krusec had experienced back problems since 1989, but that his records were insufficient to determine that he became disabled during the relevant time period. R. 588.[1] The ALJ ultimately afforded Dr. Madala's opinion substantial weight, reasoning that the objective medical evidence in the record supported her conclusion. R. 831. Even assuming that objective medical evidence in the record *did* support Dr. Madala's opinion, the ALJ fundamentally misunderstood the opinion. The ALJ misstated that Dr. Madala opined that through the DLI, Krusec "had not established the existence of a medically determinable impairment [that] would cause more than a minimal limitation of the claimant's ability to perform basic work activities on a longitudinal basis." *Id.* Dr. Madala offered no such opinion; she opined that the relevant medical records could not establish that Krusec was *disabled*. And if the ALJ did indeed adopt this altered version of Dr. Madala's opinion, it directly contradicts his determination that Krusec had several severe, medically determinable impairments that caused more than a minimal limitation in his ability to work: degenerative changes of the cervical spine with status post discectomy, decompression and fusion at C5-C6, and diabetes mellitus. R. 826. The ALJ's explanation of how he incorporated Dr. Madala's opinion into his decision is illogical, and the issue requires remand.[2]

---

[1] Record cites are to the administrative transcript. Dkt. 8.

[2] As discussed at the hearing, the ALJ's treatment of Dr. Mark A. Lorenz's June 2010

B.  **Credibility determination**

The ALJ's credibility determination also warrants remand because he did not address important parts of the medical evidence that appear to contradict his conclusion. The ALJ determined that although Krusec's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Krusec's testimony regarding his limitations was not entirely credible, for several reasons: (1) Krusec did not complain prior to the DLI about the same constant, severe pain that he complained of at the hearing; (2) surgery relieved the more severe neck pain and radiating upper extremity pain that Krusec began experiencing in late 2006, and records from 2007 indicate that Krusec experienced only mild discomfort following surgery; (3) Krusec's more recent pain is largely attributable to a *new* disc herniation at C6-C7 in 2008, after the DLI; and (4) imaging through the DLI revealed only relatively minor abnormalities.

But the ALJ overlooked several key medical records from late 2007 and early 2008 that reveal that Krusec *did* complain about constant, severe, largely unyielding pain prior to the DLI. *See, e.g.*, R. 275 (documenting complaints of bilateral shoulder pain and low back pain in July 2007), 369 (documenting the fact that physical therapy did not work to relieve the pain he experienced in fall 2007), 406 (documenting ongoing cervicothoracolumbar pain in March 2008 and the fact that rhizotomies administered in December 2007 did not alleviate his pain), 544 (documenting the fact that thoracic epidurals administered in

---

opinion, R. 714-15, is affirmed. The ALJ determined that Dr. Lorenz's opinion was not entitled to controlling weight because he issued the opinion two and a half years after the DLI. Dr. Lorenz gave no indication that the opinion considered Krusec's condition *prior* to the DLI. The ALJ articulated sufficient reasons for declining to afford Dr. Lorenz's opinion any significant weight: it did not apply to the period at issue. The ALJ did not identify and apply the pertinent regulatory factors, as required under 20 C.F.R. § 404.1527, but he did not have to in this instance. The opinion clearly did not apply to the period at issue.

December 2007 did not relieve any of Krusec's low back pain). The ALJ's broad statement that Krusec did not complain about his pain levels enough prior to the DLI appears to be based on an incomplete understanding of the record and requires remand.

For these reasons, the ALJ did not "build a logical bridge from evidence to conclusion" when he determined Krusec's RFC. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009). In particular, the record as a whole indicates that Krusec experienced difficulty sitting and standing for prolonged periods of time, yet the RFC reflects no concession to this limitation. Because the ALJ did not adequately explain how and why he afforded Dr. Madala's opinion substantial weight, because his understanding of Dr. Madala's opinion was incorrect, and because his reasons for discrediting Krusec were flawed, the court concludes that the RFC is not supported by substantial evidence.

ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Greg Krusec's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

Entered July 8, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge